UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MICHAEL THOMAS LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENNSYLVANIA HIGHER EDUCATION ) <br> ASSISTANCE AGENCY, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 3:22-cv-00025-GFVT <br><br> **ORDER** |

*** *** *** ***

This matter is before the Court on Plaintiff Michael Lewis's Notice of Dismissal. [R. 16.] Mr. Lewis seeks to dismiss his claims without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A). *Id.* The Defendants object and request that the Court to enjoin Mr. Lewis from filing any further actions against the Defendants without leave of the Court. [R. 10-1 at 11-12; R. 17.]

Federal Rule of Civil Procedure 41(a)(1)(A) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Although the Defendants here have moved to dismiss the complaint for failure to state a claim, they have served neither an answer nor a motion for summary judgment. [*See* R. 10;] *Wilkes v. JP Morgan Chase Bank, N.A.*, No. 10-14236, 2011 U.S. Dist. LEXIS 121068, at *11-13 (E.D. Mich. Oct. 11, 2011) (declining to construe a motion to dismiss as a motion for summary judgment for Rule 41). A dismissal under Rule 41(a)(1) is generally "self-effectuating and never subject to review." *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020).

The Defendants object to the dismissal, arguing that the Court "should rule on Defendants' request for sanctions prior to entering any dismissal of this case." [R. 17 at 2.] As the Defendants correctly point out, a voluntary dismissal under Rule 41(a)(1) does not deprive the Court of jurisdiction over collateral issues. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (holding that courts retain jurisdiction to consider Rule 11 sanctions); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (explaining that courts can consider collateral issues when the action is no longer pending, including the imposition of costs, attorney's fees, contempt sanctions, and pre-filing injunctions).

Yet even when considering the Defendants' sanctions request, a pre-filing injunction is inappropriate. Indeed, the Court undoubtedly possesses the discretion to enjoin a plaintiff from filing lawsuits without leave of the court. *See, e.g.*, *Scott v. Burress*, No. 10-14937, 2012 U.S. Dist. LEXIS 43548, at *20 (E.D. Mich. Mar. 29, 2012). But "litigiousness alone will not support an injunction against filing future lawsuits." *Austin v. U.S. Postal Serv.*, 758 F.2d 652, at *4 (6th Cir. 1985).

When determining whether a pre-filing injunction is appropriate, courts consider five factors: (1) the litigant's history of vexatious, harassing, or duplicative litigation; (2) the litigant's motive in pursuing litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to parties or has posed an unnecessary burden on the courts; and (5) whether other sanctions would be adequate. *See Scott v. Bradford*, Civil Action No. 13-cv-12781, 2014 U.S. Dist. LEXIS 165007, at *11 (E.D. Mich. Oct. 31, 2014). Ultimately, the question is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. *Id.* (citing *Adams v. Wilimington*

*Fin./AIG*, 12-cv-10308, 2012 U.S. Dist. LEXIS 106153, 2012 WL 2904776 at *3 (E.D. Mich. May 30, 2012)).

These factors weigh against a pre-filing injunction. Mr. Lewis has little history of vexatious or duplicative litigation. In fact, this is only Mr. Lewis's second action against the Defendants. *See generally Lewis v. Pa. Higher Educ. Assistance Agency*, No. 17-5317, 2018 U.S. App. LEXIS 1873 (6th Cir. Jan. 24, 2018). Although Mr. Lewis filed multiple motions for reconsideration and appeals with the Circuit, this past case alone does not give Mr. Lewis a history of vexatious litigation. *Cf. Bradford*, 2014 U.S. Dist. LEXIS 165007, at *12 (imposing pre-filing restrictions where the plaintiff filed "nearly 160 suits across Michigan state and federal courts"). Mr. Lewis is also not represented by counsel, and the burden of duplicative litigation Mr. Lewis poses can be reduced by a future assessment of costs. *See, e.g.*, *Scott v. Stone, et al.*, 09-cv-12129, 2009 U.S. Dist. LEXIS 107128 (E.D. Mich. Nov. 17, 2009) (assessing costs against the plaintiff under Rule 41(d)).

The Court acknowledges that Mr. Lewis's claims appear similar to those brought and rejected in the parties' 2016 action. But this does not present a history of vexatious litigation and lesser sanctions can reduce the burden on the Defendants. Future duplicative or frivolous claims can change this analysis. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Michael Lewis's claims against Defendants Pennsylvania Higher Education Assistance Agency and Educational Credit Management Corporation Group, Incorporated are **DISMISSED WITHOUT PREJUDICE**. Each party shall bear his, her, or its own costs and fees;

2. The Defendants' Joint Motion to Dismiss [**R. 10**] is **DENIED AS MOOT**; and

3. This matter is **STRICKEN** from the Court's active docket, as Plaintiff's claims against the Defendants have now been dismissed.

This is the 6th day of February, 2023.

Gregory F. Van Tatenhove
United States District Judge